PER CURIAM.
Richard Siter [“Siter”] appeals a decision of the Unemployment Appeals Commission [“the UAC”] affirming an appeals referee’s decision to deny Siter unemployment compensation due to misconduct. We affirm.
Siter was employed by Publix Super Markets, Inc. [“Publix”] as a meat cutter. He was discharged after getting into a dispute with an assistant meat department manager, Tim Avinger [“Avinger”]. It appears that a shouting match ensued and Avinger ordered Siter to leave. Siter refused to leave and continued to work through his shift as he had been scheduled. Publix fired Siter and opposed his claim for unemployment benefits on the ground that Siter had been discharged for misconduct. The Division of Unemployment Compensation of the Department of Labor and Unemployment Security disagreed and concluded that the employer failed to demonstrate misconduct. Publix appealed. The appeals referee found, and the UAC agreed, that because Siter had previously been warned by the store manager that he was to follow the instructions of his supervisor and because, on the date of the argument Siter refused to leave after he had been told to do so, Siter was guilty of misconduct. The referee explained that if Siter disagreed with the instruction to leave, he could have brought the matter to the attention of the store manager, but he could not ignore the instruction and remain at work. The conclusion that disobeying Avinger’s instruction to leave amounted to a willful violation of Siter’s obligation to his employer has support in the record and there is no basis to reverse.
AFFIRMED..
PETERSON, C.J., and HARRIS and GRIFFIN, JJ., concur.